UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

DISH NETWORK, LLC,

                            Plaintiff,

-Against-

786 WIRELESS WORLD, INC. 786 ENTERPRISES,
INC., RANA M. AFZAL, and DOES 1-10,

                            Defendant(s).
-----------------------------------------------------------------

Case Action No.: 1:21-CV-05730- AMD-RML

**AFFIDAVIT OF MERITS**

STATE OF NEW YORK   )
                             ) ss
COUNTY OF KINGS     )

ADEEL HUSSAIN being duly sworn deposes and says:

1. I am the manager of 786 WIRELESS WORLD, INC. and make this affidavit in support of the within motion to open up and vacate the default and permitting the defendants to file a late answer after the time to do so has expired.
2. That as manager, affiant is fully familiar with the facts and circumstance surrounding this lawsuit.
3. Firstly, 786 ENTERPRISES and RANA M AFZAL have nothing to do with the 786 WIRELESS WORLD, INC. except that wireless sublets from 786 ENTERPRISES.
4. That the complaint keeps on linking the two (2) 786's corporation together. There is no connection between the two corporations and RANA M. AFZAL is not the CEO of 786 WIRELESS is alleged but upon information and belief is the CEO of 786 ENTERPRISES, INC.
5. In reading the complaint, it seems that the main complaint or persons responsible for the damages to plaintiff are DOES 1-10.
6. Affiant has no knowledge of DOES 1-10.
7. 786 WIRELESS operates a retail establishment and sells cell phone accessories and cell phones as well as selling set top boxes but nothing involving infringement.

8. 786 WIRELESS is licensed by the New York City Department of Consumers Affairs to sell and repair electronics and appliances.
9. 786 ENTERPRISES business is the selling of phone cards and handling money transfer.
10. That RANA M. AFZAL is not the Chief Executive Officer OF 786 WIRELESS and never has been.
11. Affiant knows of no cease and desist demands as alleged in the complaint.
12. The corporate defendant do not share a principal place of business. There are three (3) storefronts at 1061 Coney Island Avenue, Brooklyn, NY each with its own door and windows.
13. Affiant knows of nothing about DISH's copyrights, contracts, written licensing agreement.
14. Once again affiant knows of nothing about the Doe defendants.
15. 786 does not fulfill orders made on Doe defendants' websites.
16. Affiant does not know where the investigators for plaintiff purchase preloaded boxes but it wasn't from 786 WIRELESS.
17. That 786 WIRELESS has nothing to do with desiiptv.com and has no idea who or what they are.
18. Affiant does know that I sent a package given to me by a customer some time in 2020.
19. I sell boxes, I do not activate them.
20. That once again 786 WIRELESS has nothing to do with the Doe Defendants mentioned in the complaint.
21. That 786 WIRELESS never received cease and desist demands in March, 2017, May 2018 and April 2021. Certainly defendant AFZAL never received such notice.

WHEREFORE, it is respectfully requesting that the within motion be granted in all respects.

_____
ADEEL HUSSAIN

Sworn to before me this
_15_ day of August, 2022

_____
DAVID H. PERLMAN
Notary Public, State of New York
No. 02PE6046530
Qualified in Kings County
Commission Expires August 14, 2026