
Davis Wright Tremaine LLP

1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104

**Adam I. Rich**
(212) 402-4065 tel
(212) 489-8340 fax
adamrich@dwt.com

February 20, 2023

**VIA ECF**
Hon Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  *DISH Network L.L.C. v. 786 Wireless World, Inc., et al.*,
          1:21-cv-05730-AMD-RML

Dear Judge Levy:

      This firm represents Plaintiff DISH Network L.L.C. ("DISH") in the above-captioned action. We write pursuant to Local Rule 37.3, concerning the continued, willful, and deliberate refusal of Defendants 786 Wireless World, Inc., 786 Enterprises, Inc., Adeel Hussain, and Rana M. Afzal (together the "786 Defendants") to participate in the discovery process, or otherwise defend this case. As set forth below, the 786 Defendants have now refused to even communicate with their own counsel, notwithstanding this Court's Order that they meet to discuss compliance with the extended discovery deadlines, and they failed to comply with the Court's Order that they file a status report by February 17. Given this persistent defiance of the Court's orders, DISH respectfully renews its request that the Court recommend entry of default judgment against the 786 Defendants pursuant to Fed. R. Civ. P. 37.[1]

      At a telephonic conference on February 14, 2023, the Court found that, "[The 786] Defendants have not complied with the Court's Order to Show Cause or provided any reason for their failure to comply with longstanding discovery requests." 2/14/23 Minute Entry. The Court further Ordered that counsel for the 786 Defendants meet with his clients and file a status report, no later than February 17, 2023, "confirming their meeting and defendants' intention to comply with" the discovery response deadline set by the Court. *Id.* The Court also warned the 786 Defendants that "failure to comply with this order will most likely result in a recommendation that

---

[1] This letter is further to two prior letters and a sworn declaration setting forth the 786 Defendants' myriad discovery violations, including but not limited to their failure to appear for properly-noticed depositions, refusal to respond to discovery requests, and failure to respond to this Court's Order to Show Cause why sanctions should not be entered. *See* Dkts. 47, 48.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

a default be entered against them." *Id.* During the hearing, the Court further made clear that this was not to be construed as "another chance" for the 786 Defendants but rather the "last chance." Despite these warnings, counsel for the 786 Defendants failed to file the status report ordered by the Court, and in an email to DISH's counsel this morning (attached hereto as **Exhibit A**), he advised that his clients did not keep their appointment with him, have not otherwise been in contact, and that he anticipates seeking to withdraw from his representation.

It is now beyond clear that the 786 Defendants are not defending this case, and entry of default judgment is appropriate. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F. 3d 444 (2d Cir. 2013) (affirming entry of default judgment pursuant to Rule 37 where the defendant's "intransigence spanned months and . . . less serious sanctions would have been futile"). "[D]iscovery orders are meant to be followed, and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F. 3d 123 (2d Cir. 2010) (internal citations and quotation marks omitted).

"'If a party ... fails to obey an order to provide or permit discovery,' the district court may impose sanctions, including 'rendering a default judgment against the disobedient party.'" *Guggenheim Capital*, 722 F. 3d at 450 (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi)). *See also Isigi v. Harry's Nurses Registry*, No. 1:16-cv-2218(FB)(SMG), 2017 WL 4417659 (E.D.N.Y. Oct. 4, 2017) ("Fed. R. Civ. P. 37 allows the Court to directly impose a ***default judgment, not just a default***.") (emphasis added). In deciding whether to enter default judgment as a sanction under Rule 37, courts consider: "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Guggenheim Capital*, 722 F. 3d at 451 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

The 786 Defendants have "a demonstrated history of willful non-compliance with court orders," *Guggenheim Capital*, 772 F. 3d at 451, including by failing to appear for depositions, failing to respond to discovery requests, and defying numerous orders issued by this court (including the initial discovery schedule set on September 29, 2022, the Court's 1/26/23 Order to Show Cause, and the Order issued by this Court on February 14, 2023). *See also* Dkt. 48-1 (setting forth the 786 Defendants' history of defaults and discovery failures, including their failure to timely answer the Complaint).

Lesser sanctions have proved insufficient. In its February 14th Order, the Court directed the 786 Defendants pay the costs of the deposition for which they did not appear (to date, they have not paid those costs), and found that the 786 Defendants have waived any objections to the outstanding discovery requests. *See Agiwal*, 555 F. 3d at 303 (affirming entry of default judgment against party who failed to comply with discovery requests even after Magistrate Judge entered lesser sanctions).

As to the duration of the noncompliance, the Second Circuit has never "held that a district court, confronted with willful defiance of its discovery orders, must wait any particular time before imposing a sanction." *Funk v. Belneftekhim*, 861 F. 3d 345 (2d Cir. 2017). *See also Aristidou v. Aviation Port Servs., LLC*, 18-CV-4040(RPK)(RER), 2021 WL 2471269, at *3 (E.D.N.Y. June 17, 2021) ("A period of noncompliance as brief as a few months has been held to weigh in favor of dispositive sanctions.") (collecting cases). This case has been pending against Defendants 786 Wireless World, 786 Enterprises, and Afzal since October 2021, and against Defendant Hussain since November 17, 2022. *See* Dkts. 1, 30. Though it has been just over a month since the 786 Defendants failed to respond to DISH's discovery requests and failed to appear for depositions, Dkt. 48-1 ¶¶ 7-11, the fact that they have now made clear that they are not defending the case, Ex. A, even after the Court ruled that noncompliance would likely result in default, militates against any further delay in entering default judgment.

Finally, the 786 Defendants have been sufficiently warned that continued noncompliance would be sanctioned. On January 26, 2023, the Court issued an Order to Show Cause why DISH's requests for relief pursuant to Rule 37 should not be granted, and the Court's most recent Order warned that failure to comply (including failure to file the status report that was due on February 17) "will most likely result in a recommendation that a default be entered against them." 2/14/23 Minute Entry. *See Guggenheim Capital*, at 452-53 (court's warnings mentioning sanctions, but never the phrase "default judgment" sufficient to justify entry of default judgment where court made numerous other warnings). The 786 Defendants "cannot credibly argue that [they were not] sufficiently warned that serious sanctions were imminent." *Id.* at 453.

Put simply, the 786 Defendants have made clear that they refuse to defend this case. Default judgment pursuant to Rule 37 is the only appropriate sanction.

Respectfully,

DAVIS WRIGHT TREMAINE LLP

*/s/ Adam I. Rich*

Adam I. Rich

Copy (via ECF): All Counsel

Encls.

# EXHIBIT A

| | |
|---|---|
| **From:** | David Perlman <David@dhperlman.com> |
| **Sent:** | Monday, February 20, 2023 11:44 AM |
| **To:** | Rich, Adam |
| **Subject:** | RE: 1:21-cv-05730-AMD-RML DISH Network L.L.C. v. 786 Wireless World, Inc. et al |

**[EXTERNAL]**

My clients did NOT show up for their appointment on Friday. Did not call, did not email or text. Will ask the court to relieve me of their representation.

## DAVID H. PERLMAN

Attorney at Law
188 Montague Street, Suite 850
Brooklyn, NY 11201
Tel.: 718-855-8708
Fax: 718-855-4478
Email: david@dhperlman.com

**From:** Rich, Adam [mailto:AdamRich@dwt.com]
**Sent:** Sunday, February 19, 2023 7:04 PM
**To:** David Perlman
**Cc:** Balin, Robert
**Subject:** RE: 1:21-cv-05730-AMD-RML DISH Network L.L.C. v. 786 Wireless World, Inc. et al

Hi David,

Per the Court's Order, can you please advise as to whether your clients intend to comply with the deadlines and deposition schedule ordered by the Court?

**Adam Rich** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4065 | Fax: (212) 489-8340
Email: adamrich@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** David Perlman <David@dhperlman.com>
**Sent:** Tuesday, February 7, 2023 2:05 PM
**To:** Rich, Adam <AdamRich@dwt.com>
**Subject:** RE: 1:21-cv-05730-AMD-RML DISH Network L.L.C. v. 786 Wireless World, Inc. et al

**[EXTERNAL]**

I will be available between 10:30 and 1:00 tomorrow (Wednesday) to discuss.

## DAVID H. PERLMAN

Attorney at Law
188 Montague Street, Suite 850
Brooklyn, NY 11201
Tel.: 718-855-8708
Fax: 718-855-4478

Email: david@dhperlman.com

---

**From:** Rich, Adam [mailto:AdamRich@dwt.com]
**Sent:** Tuesday, February 07, 2023 12:38 PM
**To:** David Perlman
**Cc:** Balin, Robert
**Subject:** 1:21-cv-05730-AMD-RML DISH Network L.L.C. v. 786 Wireless World, Inc. et al

David,

Please let me know your availability to meet and confer today regarding discovery in this case. If I do not hear from you by tomorrow at 1pm ET, we will ask the Court to issue an Order to Show Cause as to why default judgment should not be entered against your clients.

**Adam Rich** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4065 | Fax: (212) 489-8340
Email: adamrich@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.