UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

DISH NETWORK L.L.C.,

                      Plaintiff,

          - against -

786 WIRELESS WORLD, INC., 786 ENTERPRISES, INC., ADEEL HUSSAIN (aka ADIL HUSSAIN), RANA M. AFZAL, SUSHMA SHARMA (aka SUDHMA SHARMA), RAJESH VAIDYA (aka OMER MASSOD), SATBIR GIRN, RAJBIR GIRN, RAJKIRAN SINGH (aka SAJAN SINGH), KHIZER FAROOQ, and DOE DEFENDANTS 1-10,

                      Defendants.

21-cv-05730-AMD-RML

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

---------------------------------------------------------------- x

ANN M. DONNELLY, District Judge

      By Order dated June 13, 2023, default judgment was entered in this case against Defendants 786 Wireless World, Inc., 786 Enterprises, Inc., Adeel Hussain and Rana M. Afzal (the "786 Defendants"). Dkt. 55. The Court further ordered Plaintiff DISH Network L.L.C. ("DISH") to "file a submission detailing further relief requested." Dkt. 54. DISH now moves for default judgment against the remaining defendants—Sushma Sharma, Rajesh Vaidya, Satbir Girn, Rajbir Girn, Rajkiran Singh, and Khizer Farooq (together, the "Foreign Defendants")—as well as for an award of statutory damages pursuant to 17 U.S.C. § 504 against the 786 Defendants and the Foreign Defendants (together, the "Defendants"), and a permanent injunction pursuant to 17 U.S.C. § 502. Having considered the submissions in support of DISH's motion, and the pleadings on file, the Court **GRANTS** the motion, enters judgment by default against the Foreign Defendants, and finds:

      1.    For purposes of this Default Judgment and Permanent Injunction, the following definitions shall apply:

  a. "Protected Channels" means: ARY Digital; Dunya TV; Express News; Geo News; Hum Masala TV; Hum TV; Hum Sitaray; Hum World; Sony Pal; SAB; and SET;

  b. "Registered Works" means the 179 copyrighted television programs that aired on the Protected Channels, are registered with the U.S. Copyright Office, and are listed in Exhibit 1 to the Amended Complaint ("Am. Compl."), Dkt. 30-1;

  c. "DISH's Copyrighted Programming" means each of those audiovisual or motion picture works, or portions thereof, whether now in existence or later created, in which DISH (or any parent, subsidiary, or affiliate of DISH) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"), including without limitation the Registered Works and the additional unregistered works listed in Exhibit 2 to the Amended Complaint, Dkt. 30-2;

  d. "Comparable Service" shall mean any service, website or application that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise distributes or publicly performs, directly or indirectly, by means of any device or process, any of DISH's Copyrighted Programming.

 2. This Court has personal jurisdiction over Defendants and jurisdiction over the subject matter at issue pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

## The Foreign Defendants Are Liable for Copyright Infringement

3. DISH's copyrights in the Protected Channels are valid and enforceable. DISH holds, or held during the relevant time period, the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and the internet, the programs that make up the Protected Channels.[1]

4. Since at least 2017, the Foreign Defendants have operated a global pirate television service, branded to customers in the Eastern District of New York and throughout the United States by the names Desi TV, Desi TV Pro, Live TV, LiveTV Pro and/or LiveTV Pro+ (the "Infringing Services"). The Foreign Defendants use the Infringing Services to knowingly and unlawfully transmit in the United States television channels (and the copyrighted programs that air on those channels) originating from India and Pakistan that are or were exclusively licensed to DISH in the United States.

5. The Foreign Defendants sell subscriptions to the Infringing Services that enable customers in the United States (the "Service Users") to access and view infringing streams of DISH's Copyrighted Programming 24 hours per day, 7 days per week.

6. The Foreign Defendants directly and/or secondarily infringe DISH's exclusive rights to publicly perform the Protected Channels, and the copyrighted programs that make up the Protected Channels, in the United States, in violation of the Copyright Act. Specifically, the Foreign Defendants infringed the 179 Registered Works, as well as a vast number of additional programs that aired on the Protected Channels, whose episodes are each copyrighted works to

---

[1] DISH's exclusive rights as to the Protected Channels are currently in effect, with the exception of the following channels for which DISH's exclusive rights expired on the dates indicated: ARY Digital (April 26, 2021); Dunya TV (August 11, 2021); Express News (February 21, 2022); Geo News (April 15, 2021); and HUM Masala, HUM TV, HUM Sitaray, and HUM World (November 17, 2021).

which DISH holds or held exclusive distribution and public performance rights, and for which not all episodes have been registered with the United States Copyright Office. *See* Am. Compl. Ex. 2.

7. Defendants Sharma, Vaidya, Satbir Girn, and Singh committed the following acts, each of which constituted direct infringement of DISH's exclusive public performance rights under the Copyright Act:

    a. capturing the copyrighted programs that make up the Protected Channels and converting them to internet-friendly formats and directly transmitting such content to Service Users in the United States;

    b. transmitting the copyrighted programs that make up the Protected Channels to Service Users in the United States; and

    c. unlawfully publicly performing the copyrighted programs that make up the Protected Channels.

8. Defendants Satbir Girn and Farooq committed the following acts, each of which constituted contributory infringement of DISH's exclusive public performance rights under the Copyright Act:

    (a) knowingly facilitating access by Service Users in the United States to the Protected Channels and the copyrighted programs that make up the Protected Channels, despite their ability to prevent such access; and

    (b) knowingly inducing the infringement of DISH's exclusive public performance rights by, among other things, creating the audience for that infringement in the United States.

9. The Foreign Defendants' infringement of DISH's exclusive rights in each copyrighted program constitutes a separate and distinct act of copyright infringement in violation of the Copyright Act.

10. For the foregoing reasons, each of the Foreign Defendants is liable for copyright infringement.

## Damages

11. The 786 Defendants—against whom judgment has already been entered (Dkt. 55)—knowingly enabled, encouraged and facilitated the infringement described above. Defendants 786 Wireless World, Inc. and Hussain (who own and operate a retail store called 786 Wireless World) contributorily infringed DISH's exclusive rights under 17 U.S.C. § 106 by selling and marketing the Infringing Services, including set-top boxes that are intended to be used by Service Users to access the Infringing Services. Defendants 786 Enterprises, Inc. and Afzal vicariously infringed DISH's exclusive rights under 17 U.S.C. § 106 by leasing retail space to 786 Wireless World with knowledge of the infringing activity occurring there, and by deriving direct financial benefit from the infringement of DISH's exclusive rights while failing to exercise their right and ability to stop or limit those infringing activities.

12. All of the Defendants are jointly and severally liable for each act of infringement described above because they personally directed, authorized, supervised, or participated in, and financially benefited from, such infringing conduct.

13. Defendants' actions were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of DISH.

14. Pursuant to 17 U.S.C. § 504(c), Defendants are hereby ordered to pay damages to DISH, jointly and severally, in the amount of **$26,850,000**, which constitutes $150,000 for each of DISH's 179 Registered Works.

15. Defendants are ordered to pay post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

## Permanent Injunction

16. Unless enjoined by the Court, Defendants are likely to continue and/or resume engaging in acts that cause substantial and irreparable injury to DISH, including damage to DISH's reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law. Defendants' past attempts to evade enforcement of copyright laws, and to otherwise avoid accountability for their unlawful actions, justify entry of a permanent injunction to ensure that they do not continue and/or resume their infringing activities.

17. Defendants, and all of their parents, subsidiaries, affiliates, officers, agents, servants and employees, and all officers, agents, servants and employees of their parents, subsidiaries and affiliates, and all those persons and entities acting in active concert or participation with Defendants (including but not limited to parties that procure or provide sales; distribution; primary and backup storage services; web, server or file hosting; or social media services on behalf of Defendants) and all persons and entities who receive actual notice of this Order (collectively, the "Enjoined Parties") are immediately and permanently enjoined from engaging in any of the following activities:

a) reproducing, distributing, publicly performing, and/or in any way transmitting DISH's Copyrighted Programming unless authorized by DISH in a signed, written agreement;

b) inducing, encouraging, causing, facilitating, and/or materially contributing to the unauthorized reproduction, distribution, public performance, and/or transmission by others of DISH's Copyrighted Programming;

c) distributing, selling, advertising, marketing, or promoting the Infringing Services or any Comparable Service, or any product (including set-top boxes, applications, or software) used to access the Infringing Services or any Comparable Service;

d) providing or controlling servers that contain any of DISH's Copyrighted Programming; or

e) otherwise infringing DISH's rights in DISH's Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

18. Defendants and all of their parents, subsidiaries, affiliates, officers, agents, servants and employees, and all officers, agents, servants and employees of their parents, subsidiaries and affiliates are permanently enjoined from enabling, assisting or consulting with other persons or entities to do any of the activities described in ¶¶ 16(a)-(e) above, including but not limited to entering into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration, any part of the system, software, source code, data file, other technology, domain names, trademarks, brands, or files used in connection with the Infringing Services or any Comparable Service.

19. As the Court has personal jurisdiction over Defendants and has concluded that the conduct of Defendants infringes DISH's Copyrighted Programming in the United States under the copyright laws of the United States, this Permanent Injunction enjoins the conduct of Defendants wherever they may be found.

20. Third parties who provide web, server or file hosting services, data center or colocation services, or primary and backup storage services (including but not limited to cloud storage services), or who provide services used in connection with any activities enjoined under Paragraph 17 hereinabove, including but not limited to back-end service providers; service providers routing traffic or providing bandwidth; content delivery networks; domain name server systems; content hosting websites; search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and internet keyword advertising); domain name registration privacy protection services; providers of social media services; user-generated and online content services; and data security services (including but not limited to denial-of-service attack prevention, firewall and proxy services)—and who receive actual notice of this Order—are immediately and permanently enjoined from providing such services to (i) any Enjoined Parties in connection with any of the activities enjoined under Paragraph 17 hereinabove; and (ii) any server, IP address, domain name or website used in conjunction with the Infringing Services or any Comparable Service. For the avoidance of doubt, the third parties subject to this Permanent Injunction include (but are not limited to):

| Third Party | Role | Location of Enjoined Content/Domain To Be Disabled |
|---|---|---|
| Virtual Systems UA | Hosting Provider of Authentication and Content Server | https://3mlive.com |
| GoDaddy.com, LLC | Registrar for Authentication and Content Server | https://3mlive.com |
| Domains By Proxy, LLC | Registrant for Authentication and Content Server | https://3mlive.com |
| Dreamscape Networks International Pte. Ltd. | Registrar, Infringing Services Website | https://www.livetvbox.org |
| Meta Platforms, Inc. | Social Media | https://www.facebook.com/livetv.box.92 https://www.facebook.com/livetvproaus/ https://m.facebook.com/people/LIVE-Tv-Pro/100068884135649/ https://www.facebook.com/DESI-TV-PRO-338350396908374/ |
| Google LLC | Social Media | https://www.youtube.com/@desitvpro6427 |
| X Corp. | Social Media | https://twitter.com/live_8k https://twitter.com/desiiptvhd?lang=en |

21. The domain name registrars and registrants holding or listing the domain names livetvbox.org and 3mlive.com or any other domain names used (now or in the future) in connection with the activities enjoined under Paragraphs 16 and 19 hereinabove (including but not limited to GoDaddy.com, LLC, Domains by Proxy, LLC, and Dreamscape Networks International Pte. Ltd.), who receive actual notice of this Order, shall (1) disable those domains, or any subset of these domain names specified by DISH, through a registry hold or otherwise, and make them inactive and non-transferable other than by or to DISH; and (2) at the direction of DISH, transfer these domain names to DISH or DISH's ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of DISH's choosing.

22. Personal service of this Order upon the Foreign Defendants at the following email addresses is deemed sufficient notice to Defendants under Federal Rule of Civil Procedure 65

9

and pursuant to this Court's Order granting *nunc pro tunc* DISH's motion for leave to serve the Foreign Defendants by email (12/4/22 Minute Entry):

- liveboxtvhd@gmail.com (all Foreign Defendants)
- rajie_89@hotmail.com (Rajbir Girn)
- girnsonu@gmail.com (Satbir Girn)
- threemlive@yahoo.com (Sushma Sharma, aka Sudhma Sharma)
- livetvbox@yahoo.com (Rajesh Vaidya, aka Omer Massod)
- rajkiran_s@yahoo.com (Rajkiran Singh, aka Sajan Singh)
- khizer.farooq@hotmail.com (Khizer Farooq)

23. Personal service upon the 786 Defendants by First Class U.S. Mail to their business address—1061 Coney Island Avenue, Brooklyn, NY 11230—is deemed sufficient notice under Federal Rule of Civil Procedure 65.

24. This Permanent Injunction shall bind the Enjoined Parties. Defendants shall provide a copy of this Permanent Injunction to their officers, agents, servants, employees, attorneys, principals, shareholders, members, current and future administrators or moderators of the Infringing Services or any Comparable Service associated with Defendants.

25. Violation of this Permanent Injunction shall expose Defendants, the Enjoined Parties and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

26. Within 14 days of the date the Court enters this Permanent Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants have complied with the Permanent Injunction.

27. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

28. DISH may obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Default Judgment and Permanent Injunction to any of: the Enjoined Parties, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; and third parties providing services to the Enjoined Parties in connection with the Infringing Services or any Comparable Service.

29. ~~The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction~~.

It is so ordered.

SIGNED on  March 13 , 2023

                                               s/Ann M. Donnelly
                                               Hon. Ann M. Donnelly
                                               United States District Judge